[599 NYS2d 299]

In the Matter of GERALD P. HARRIS (Admitted as GERALD PAUL HARRIS), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 28, 1993

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*Armienti, Brooks, Liebowitz, DeBellis & Dunphy,* New York City *(Alphonso Brooks* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with three allegations of professional misconduct. The Special Referee sustained Charges Two and Three, but did not sustain Charge One. The petitioner moves to confirm the report insofar as it sustained Charges Two and Three and to disaffirm to the extent that it failed to sustain Charge One. The respondent has cross-moved to confirm the report to the extent that it failed to sustain Charge One and to disaffirm to the extent that it sustained Charges Two and Three.

Charge One alleged that the respondent violated his fiduciary responsibility and mishandled client funds after having been retained to represent Alfred Brown in connection with the sale of an apartment. A contract of sale was executed between Alfred Brown and Crescencio and Carmen Rodriguez. Pursuant to that contract, a down payment of $6,700 was delivered to the respondent, as escrow agent, for deposit in a noninterest bearing special account. The respondent failed to deposit the down payment in any bank account.

Charge Two alleged that the respondent engaged in conduct involving deceit and misrepresentation in failing to disclose to the purchasers' attorney that he did not deposit the down payment as provided in the contract.

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law. On January 29, 1990, the Grievance Committee sent the respondent a letter informing him that an investigation had been commenced, *sua sponte,* based upon his alleged failure to reregister as an attorney with the Office of Court Administration and requesting that he submit a written answer to the allegations within 10 days. The respondent failed to submit an answer.

The petitioner Grievance Committee sent the respondent a follow-up letter on March 16, 1990, again requesting his written answer to the allegations. The respondent again failed to submit an answer.

On May 23, 1990, the petitioner sent the respondent a letter informing him that an investigation had been commenced, *sua sponte,* based upon his alleged failure to reregister and re-

questing written answers to both allegations within 10 days. The respondent failed to submit any answers.

On June 8, 1990, the petitioner sent the respondent a follow-up letter again requesting his written answers to the allegations. The respondent failed to submit any answers. By decision and order of this Court, dated November 27, 1990, the respondent was suspended, on default, from the practice of law, based upon his continuing failure to cooperate with the Grievance Committee.

Based on the evidence adduced at the hearing and the respondent's admissions, we find that all three charges of professional misconduct against the respondent are sustained. Accordingly, the petitioner's motion to confirm in part and disaffirm in part is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have considered the mitigating factors advanced by the respondent, including his excellent employment record with the New York City Transit Authority. The respondent is, nevertheless, guilty of serious professional misconduct and is suspended from the practice of law for a period of two years, commencing June 28, 1993, and continuing until further order of this Court.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted with the result that all three charges of professional misconduct are sustained, and the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Gerald P. Harris, is suspended from the practice of law for a period of two years, commencing June 28, 1993, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the

period of suspension and until the further order of this Court, the respondent, Gerald P. Harris, is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.